UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 502 HEALTH AND WELFARE TRUST FUND; PLUMBERS AND PIPEFITTERS LOCAL UNIONS NO. 502 & 633 PENSION TRUST FUND; PLUMBERS AND PIPEFITTERS LOCAL 502 EDUCATION & TRAINING FUND; MECHANICAL INDUSTRY PROMOTION FUND; PIPING INDUSTRIES COOPERATIVE OF KENTUCKIANA; and PLUMBERS AND PIPEFITTERS LOCAL 502,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>MERRICK COMPANY LLC, a Kentucky limited liability company, and MICHELLE MERRICK, an Individual,<br><br>　　　　　　Defendants. | Civil Case No.  3:19-cv-69-CHB<br><br>(Electronically Filed) |

## COMPLAINT

NOW COME the Plaintiffs PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 502 HEALTH AND WELFARE TRUST FUND *et al.*, by and through their counsel, JOHNSON & KROL, LLC, complaining of the Defendants MERRICK COMPANY LLC ("MERRICK COMPANY") and MICHELLE MERRICK ("MICHELLE"), and allege as follows:

### JURISDICTION AND VENUE

1. Count I of this action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185).  The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1) and 1145, as well as 28 U.S.C. § 1331.

2. Count II of this action arises under an executed Post-Judgment Agreement between MERRICK COMPANY, MICHELLE and the Plaintiffs. The Post-Judgment Agreement involved repayment of a judgment entered in Case No. 17-CV-318-CRS against MERRICK COMPANY and on behalf of the Trust Funds, Promotion Fund, LMCC and Local 502. The Court has supplemental jurisdiction over the subject matter in this action pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 502 HEALTH AND WELFARE TRUST FUND ("Welfare Fund"), the PLUMBERS AND PIPEFITTERS LOCAL UNIONS NO. 502 & 633 PENSION TRUST FUND ("Pension Fund") and the PLUMBERS AND PIPEFITTERS LOCAL 502 EDUCATION & TRAINING FUND ("Training Fund") (collectively "Trust Funds") are administered at 1313 Berry Boulevard, Louisville, Kentucky 40215, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Western District of Kentucky, Louisville Division.

**PARTIES**

4. The Board of Trustees of the Trust Funds are authorized to administer the Trust Funds, which receive contributions from numerous employers pursuant to the Collective Bargaining Agreements between the employers and the PLUMBERS AND PIPEFITERS LOCAL 502 ("Union") and therefore, are multiemployer plans under 29 U.S.C. § 1002.

5. The MECHANICAL INDUSTRY PROMOTION FUND ("Promotion Fund") and the PIPING INDUSTRIES COOPERATIVE OF KENTUCKIANA ("LMCC") are funds organized for the benefit of the piping industry.

6. The Union is the bargaining representative of MERRICK COMPANY's bargaining unit employees.

7. The Defendant MERRICK COMPANY is a Kentucky limited liability with its principal place of business located at 2109 Schaffner Avenue, Louisville, Kentucky 40206.

8. The Defendant MICHELLE is a Member of MERRICK COMPANY and is an individual with her principal residence in Louisville, Kentucky.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

9. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. MERRICK COMPANY is an employer engaged in an industry affecting commerce that agreed to be bound by the provisions of the Collective Bargaining Agreement ("CBA") negotiated between the Union and the Mechanical Contractors Association of Kentucky, Inc. for all times relevant to this action. (A copy of the Collective Bargaining Agreement is attached as **Exhibit A**).

11. Through the Post-Judgment Agreement, MICHELLE agreed that she is personally bound by the CBA and that she is an employer for purposes of 29 U.S.C. § 1145. (A copy of the Post-Judgment Agreement is attached as **Exhibit B**).

12. Through the CBA referred to in Paragraphs 10 and 11, MERRICK COMPANY and MICHELLE also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements").

13. Pursuant to the provisions of the CBA and the Trust Agreements, MERRICK COMPANY and MICHELLE are required to make monthly reports of hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution remittance reports") and

pay contributions to the Trust Funds, the Promotion Fund and the LMCC for each hour worked pursuant to the CBA at the negotiated rate.

14. The monthly reports and contributions during all times relevant are due on or before the tenth (10th) day of the calendar month following the calendar month during which the work was performed.

15. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly contribution remittance reports and contributions to the Trust Funds, the Promotion Fund and LMCC on or before the tenth (10th) day of each month are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of eight percent (8%) per annum and attorneys' fees and costs.

16. Pursuant to the terms of the CBA, MERRICK COMPANY and MICHELLE are required to deduct union dues and other check-off deductions ("Union Dues") from its covered employees' paychecks and remit payment of the Union Dues to the Union on a monthly basis.

17. Pursuant to the Post-Judgment Agreement, MICHELLE agreed to be personally liable for all ongoing contributions, liquidated damages, and attorney's fees that become due and owing during the duration of the Post-Judgment Agreement. (**Exhibit B**).

18. MERRICK COMPANY and MICHELLE underpaid their monthly contributions and Union Dues in the amount of $1,690.89 for the month of February 2018.

19. MERRICK COMPANY and MICHELLE underpaid their monthly contributions and Union Dues in the amount of $3,850.80 for the month of March 2018.

20. Due to MERRICK COMPANY and MICHELLE's failure to timely remit payment of contributions for the months of February 2018 through September 2018, MERRICK COMPANY and MICHELLE owe liquidated damages and interest in the aggregate amount of $37,706.47, itemized as follows:

| Work Month: | Postmark Date: | Liquidated Damages: | Interest: |
|---|---|---|---|
| Feb-18 | 4/2/18 | $2,073.81 | $151.65 |
| Mar-18 | 5/10/18 | $3,431.18 | $250.64 |
| Apr-18 | 6/25/18 | $2,032.55 | $334.49 |
| Apr-18 | 6/15/18 | $3,520.63 | $334.49 |
| May-18 | 6/29/18 | $1,450.90 | $95.18 |
| Jun-18 | 8/10/18 | $4,034.59 | $309.76 |
| Jul-18 | 8/23/18 | $2,365.52 | $190.20 |
| Jul-18 | 9/12/18 | $4,726.04 | $397.34 |
| Aug-18 | 10/2/18 | $6,079.25 | $266.69 |
| Sep-18 | 11/29/18 | $4,939.21 | $722.35 |
| Oct-18 | 12/29/18 | Unknown | Unknown |
|  |  | **$34,653.68** | **$3,052.79** |

21. MERRICK COMPANY and MICHELLE failed to remit payment of their monthly contributions and Union Dues in the amount of $105,151.63 for the month of November 2018.

22. As a result of MERRICK COMPANY and MICHELLE's failure to timely remit payment of contributions for the month of November 2018, MERRICK COMPANY and MICHELLE owe liquidated damages and interest in an unknown amount.

23. MERRICK COMPANY and MICHELLE failed to remit payment of their monthly contributions and Union Dues for the month of December 2018 in an unknown amount and, as a result, owe liquidated damages and interest in an unknown amount.

24. MERRICK COMPANY and MICHELLE have a continuing obligation to pay contributions and Union Dues to the Plaintiffs for all months beginning with January 2019, which is due on February 15, 2019.

25. MERRICK COMPANY and MICHELLE's failure to pay contributions and Union Dues when due and their outright failure to pay contributions and Union dues is a breach of the CBA.

26. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing the Plaintiffs from MERRICK COMPANY and MICHELLE.

27. Plaintiffs have complied with all conditions precedent in bringing this suit.

28. MERRICK COMPANY and MICHELLE are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter an Order requiring MERRICK COMPANY to remit its monthly contribution remittance report for the month of December 2018 and any other months during the pendency of this lawsuit that may become due;

B. That this Honorable Court enter Judgment in favor of Plaintiffs and against MERRICK COMPANY and MICHELLE, jointly and severally, in the amount of $1,690.89 for underpaid contributions owed for the month of February 2018;

C. That this Honorable Court enter Judgment in favor of Plaintiffs and against MERRICK COMPANY and MICHELLE, jointly and severally, in the amount of $3,850.80 for underpaid contributions owed for the month of March 2018;

D.     That this Honorable Court enter Judgment in favor of Plaintiffs and against MERRICK COMPANY and MICHELLE, jointly and severally, in the amount of $37,706.47 for liquidated damages and interest owed due to their late payment of contributions for the months of February 2018 through September 2018;

E.     That this Honorable Court enter Judgment in favor of Plaintiffs and against MERRICK COMPANY and MICHELLE, jointly and severally, in an unknown amount for liquidated damages and interest owed for its late payment of contributions for the month of October 2018;

F.     That this Honorable Court enter Judgment in favor of Plaintiffs and against MERRICK COMPANY and MICHELLE, jointly and severally, in the amount of $105,151.63 for unpaid contributions and Union dues owed for the month of November 2018;

G.     That this Honorable Court enter Judgment in favor of Plaintiffs and against MERRICK COMPANY and MICHELLE, jointly and severally, in an unknown amount for liquidated damages and interest owed for its late payment of contributions for the month of November 2018;

H.     That this Honorable Court enter Judgment in favor of Plaintiffs and against MERRICK COMPANY and MICHELLE, jointly and severally, in an unknown amount for contributions and Union Dues, along with the resulting liquidated damages and interest owed for its late payment of contributions for the month of December 2018;

I.     That this Honorable Court enter Judgment in favor of Plaintiffs and against MERRICK COMPANY and MICHELLE, jointly and severally, for any other amounts discovered to be due and owing to Plaintiffs by MERRICK COMPANY and MICHELLE in addition to those identified in paragraphs B through H above;

J.     That MERRICK COMPANY and MICHELLE, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D); and

K.     That Plaintiffs have such other and further relief as the Court may deem just and equitable all at MERRICK COMPANY and MICHELLE's cost, pursuant to 29 U.S.C. §1132(g)(2)(D).

## COUNT II
## BREACH OF THE POST-JUDGMENT AGREEMENT

29. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-28 of this Complaint with the same force and effect as if fully set forth herein.

30. MICHELLE is a Member of MERRICK COMPANY.

31. On August 11, 2017, the Honorable Judge Charles R. Simpson III entered judgment in Case No. 17-CV-318-CRS in favor of the Plaintiffs and against MERRICK COMPANY in the aggregate amount of $86,670.30, which encompassed contributions, liquidated damages and interest liability, as well as attorney's fees and costs, through April 2017.

32. On March 19, 2018, MERRICK COMPANY and MICHELLE, individually as a guarantor, entered into a Post-Judgment Agreement with the Plaintiffs in which they agreed to pay the amount of the Judgment, plus additional liquidated damages and interest that had accrued, in the aggregate amount of $101,586.32. (**Exhibit B**).

33. The Post-Judgment Agreement called for MERRICK COMPANY and MICHELLE to make twenty-four (24) installment payments to the Plaintiffs in the amount of $3,000.00, with a final payment in the amount of $29,586.32 (which would have been waived if MERRICK COMPANY and MICHELLE remitted twenty-four timely payments), which

represented repayment of the $86,670.30 judgment, in addition to the liquidated damages and interest incurred between the time of the judgment and the signing of the Post-Judgment Agreement. (**Exhibit B**).

34. Pursuant to the Post-Judgment Agreement, the installment payments were to be paid to the Plaintiffs by the fifteenth (15th) of the month. (**Exhibit B**).

35. Pursuant to the Post-Judgment Agreement, any installment payments not received by the fifteenth (15th) of the month shall constitute a default of the Post-Judgment Agreement. (**Exhibit B**).

36. MERRICK COMPANY and MICHELLE failed to remit the $3,000.00 installment due on December 15, 2018 by that date.

37. MERRICK COMPANY and MICHELLE failed to remit the $3,000.00 installment due on January 15, 2019 by that date.

38. Pursuant to the Post-Judgment Agreement, and as a result of MERRICK COMPANY and MICHELLE's failure to timely pay installments due on December 15, 2018 and January 15, 2019, the remaining installments have been accelerated and a principal balance of $77,586.32 is now due and owing under the Post-Judgment Agreement.

39. Pursuant to the Post-Judgment Agreement, MERRICK COMPANY and MICHELLE are liable for liquidated damages in the amount of 10% of the outstanding principal balance at the time of the breach equal to $7,758.63. (**Exhibit B**).

40. Pursuant to the Post-Judgment Agreement, MICHELLE is liable for the Plaintiffs' attorney's fees and costs incurred when enforcing the Post-Judgment Agreement.

41. Plaintiffs have complied with all conditions precedent in bringing this suit.

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter Judgment in favor of Plaintiffs and against MICHELLE in the amount of $77,586.32, representing the principal balance due under the Post-Judgment Agreement;

B. That this Honorable Court enter Judgment in favor of Plaintiffs and against MERRICK COMPANY and MICHELLE, jointly and severally, in the amount of $7,758.63 for liquidated damages owed on the defaulted Post-Judgment Agreement;

C. That MERRICK COMPANY and MICHELLE, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Post-Judgment Agreement; and

D. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at MERRICK COMPANY and MICHELLE's cost, pursuant to 29 U.S.C. §1132(g)(2)(D).

Respectfully Submitted,

/s/ Dennis R. Johnson
Dennis Johnson (KY Bar No. 96387)
***Attorney for the Plaintiffs***
JOHNSON & KROL, LLC
311 S. Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 372-8587
Johnson@johnsonkrol.com